Gilmer *v.* Savings and Loan Co.

GILMER *v.* SAVINGS & LOAN CO.

(*Knoxville.* September 27, 1899.)

1. MORTGAGES AND DEEDS OF TRUST. *Enforcement and setting aside of.*

Where complainant seeks to set aside a mortgage upon his property as illegal and void, but offers to refund the amount borrowed thereon, with legal interest, and the defendant seeks by cross bill to foreclose and enforce the mortgage, the Court, finding the mortgage void, will refuse relief on the cross bill, and will render decree against complainant, in accordance with the offer of his bill, for the amount borrowed, with interest, and, in the absence of a tender of this amount, for costs also.

2. SAME. *Illegal and voidable, when.*

A mortgage taken by a foreign corporation before it has qualified to do business in the State is void, and a subsequent mortgage, taken after the corporation has qualified to do business in the State, for the secret purpose of validating the first, but under pretense of making concessions to the mortgagor, is likewise void, as being without consideration and obtained under a false pretense.

---

FROM WASHINGTON.

---

Appeal from Chancery Court of Washington County. JOHN P. SMITH, Ch.

H. H. CARR and A. R. JOHNSON for Gilmer.

W. W. FAW and THAD. A. COX for Savings & Loan Co.

Gilmer *v.* Savings and Loan Co.

WILKES, J.   This is an action by complainant to have two mortgages executed by her to the defendant company canceled and the debt discharged.   The company filed a cross bill and seeks to enforce what is called the second mortgage executed in the case. The Chancellor held that the company was entitled, under the Act of 1895, to enforce the mortgage of 1892, but that the subsequent mortgage of 1893 was void for fraud.   He therefore directed a foreclosure of the mortgage of 1892 for the debt secured by it, which he found to be $1,481.58, and from this decree complainant appealed.   The cause was heard by the Court of Chancery Appeals, and that Court was of opinion that complainant was entitled to no relief under her bill, and the defendant company to none under its cross bill; but that, inasmuch as complainant had offered to pay the balance due from her for money borrowed, calculated upon a basis of 6 per cent. interest, and to submit to a decree for the sale of the land to satisfy such balance, relief to this extent would be granted, and the cause was remanded to the Chancery Court of Washington County to ascertain the amount due, after applying credits on the basis of partial payment, and for a sale of the land if the amount was not paid by a date to be fixed by the Chancellor.   The costs were equally divided.   The defendant company has appealed and assigned errors. The complainant also insists that she should be

19 P—18

taxed with no cost, inasmuch as she proffered to do what the Court decreed she should do.

It appears that the contract of loan was made November 4, 1892, and the first mortgage was then executed. At that time the defendant was a foreign corporation, had not complied with the Act of 1891 in regard to foreign corporations, and on December 16, 1893, in order to cure any defects arising out of this state of affairs, it procured the second mortgage to be executed, and as a consideration to complainant therefor extended time for payment of an arrearage of $42 and made a reduction of $1.50 per month in her monthly dues. While these were the inducements to complainant to execute the new mortgage, the real consideration and purpose of the company was to validate and make legal a contract which was then illegal and unenforceable.

When the second mortgage was executed, the Court of Chancery Appeals finds that the first was canceled of record. The Company had in the meantime filed its charter for registration and complied with the statute.

The Court of Chancery Appeals finds that no fraud or artifice was practiced to prevent complainant from reading and understanding the terms of the first and second mortgages, and that complainant was a lady of over average intelligence, but of limited business experience, and she was not entitled to have the mortgages set aside for

fraud, but inasmuch as she had proffered to re-pay the amount borrowed, with legal interest less proper credits, and to have the mortgage fore-closed for that purpose and to that extent, it would be done. It is said, however, by way of assignment of errors, that the company should be allowed to foreclose its second mortgage accord-ing to its terms, and to have a judgment for the amount found due on that mortgage by the Court of $1,424.58. The Court refused the com-pany any relief, because it did not come into Court with clean hands, in that, by false pretense as to its objects, it induced the complainant to execute the second mortgage ostensibly in order that her monthly payments might be reduced $1.50 per month and extension granted as to the ar-rearage of $42, when the real purpose was to validate a void contract.

That Court was of opinion the extension of time and reduction of monthly payments was no consideration, inasmuch as they were based upon or rose out of the first or void mortgage, and so the company stands in the attitude of a per-son with a contract without consideration and ob-tained under false pretense.

We are satisfied with the decree of the Court of Chancery Appeals. Complainant will not be required to do more than she has proffered to do, and it is no more than in equity and good conscience she should do. On the other hand, we

think the deception practiced by the company in obtaining the second mortgage will repel it from enforcing it according to its terms. The decree of the Court of Chancery Appeals is therefore affirmed, and costs will remain as taxed by it. Complainant has made no tender and is not entitled to immunity from costs.